UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MARIE HANSEN, ATTORNEY,
P.C.

      Plaintiff/Counter-Defendant,

Case No. 00-70615

v.

Honorable Patrick J. Duggan

DR. SAMIR CHACHOUA, and
ADELAIDA ORTEGA

      Defendants/Counter-Plaintiff.
_____/

**OPINION AND ORDER DENYING DEFENDANT DR. SAMIR CHACHOUA'S MOTION FOR RECONSIDERATION OF THIS COURT'S MARCH 31, 2006 OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 15, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Defendant Samir Chachoua's motion for reconsideration of this Court's March 31, 2006 opinion and order granting Plaintiff Jean Marie Hansen's motion for default judgment. The Court granted default judgment against Defendant pursuant to Rules 16(f) and 37(b)(2) of the Federal Rules of Civil Procedure, based upon Defendant's dilatory tactics, manipulation of the judicial system,

1

and disobedience of Court orders throughout this drawn-out litigation.

Defendant moves for reconsideration of the Court's opinion and order pursuant to Rule 7.1(g) of the Local Rules for the Eastern District of Michigan. Rule 7.1(g) provides the following grounds for a court to grant a motion for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3).

Defendant fails to convince the Court that it has been misled by a palpable defect. In his motion for reconsideration, Defendant raises many issues which the Court already considered and rejected when it ruled on Plaintiff's motion for default judgment. Defendant's attachment of medical records to his motion for reconsideration to support his asserted illnesses come far too late, as the Court ordered Defendant to immediately provide it and Plaintiff with that information at the Pretrial Conference conducted on May 3 and 4, 2004.[1] Moreover, in this Court's view, the medical records Defendant now

---

[1] Notably, the medical records Defendant submits from his brief stay at St. Joseph Mercy Hospital fail to satisfy the Court's request that Defendant submit *to the Court* prior medical records from his treating physicians in Mexico. This submission alone provides an example of Defendant's practice throughout this litigation of disregarding Court orders and then, when the risk of dismissal looms near, acting on the order but in a manner different than instructed by the Court.

submits provide little insight into his overall medical condition. Finally, the Court finds amazing Defendant's claim that he was not warned that his failure to cooperate could lead to dismissal. This Court repeatedly has warned the parties, orally and in writing, that their refusal to obey Court orders and to attend conferences and/or hearings could result in sanctions, including dismissal.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reconsideration of this Court's March 31, 2006 Opinion and Order is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Samir Chachoua
Jean Marie Hansen, Esq.
Ellen Bartman Jannette, Esq.
Thomas O'Leary, Esq.