UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MARIE HANSEN, ATTORNEY,
P.C.,

      Plaintiff/Counter-Defendant,

v.                                                                         Case No. 00-70615
                                                                  Honorable Patrick J. Duggan

DR. SAMIR CHACHOUA and
ADELAIDA ORTEGA,

      Defendants/Counter-Plaintiff.
_____/

## OPINION AND ORDER

On February 1, 2000, Plaintiff Jean Marie Hansen ("Hansen") initiated this lawsuit seeking attorney's fees from Defendants Samir Chachoua ("Chachoua") and Adelaida Ortega ("Ortega").[1] Chachoua then filed a counter-complaint against Hansen alleging negligence, negligent misrepresentation, and innocent misrepresentation. For the reasons set forth at length in an opinion and order entered on September 30, 2004, this Court dismissed Chachoua's counterclaims against Hansen. After more than six years of litigation and for reasons set forth at length in an opinion and order entered on March 31, 2006, this Court entered a default judgment against Chachoua with respect to Hansen's claim for unpaid legal fees. Although concluding in its March 31 opinion and order that

---

[1]This Court dismissed Hansen's claims against Ortega on February 2, 2004, pursuant to an order granting Ortega's motion for summary judgment.

1

Hansen is entitled to a judgment by default, the Court further indicated that she is not necessarily entitled to the amount of damages requested in her complaint or motion. The Court therefore ordered Hansen to submit evidence to support her claimed damages within twenty days of the date of its opinion and order. Presently before the Court is Hansen's submission, filed April 19, 2006.

In her submission, Hansen seeks attorney's fees in the amount of $177,573.90 for services she rendered to Chachoua from April 30, 1999 through January 18, 2000, in an action Chachoua filed against numerous defendants in California ("California litigation"). Hansen further seeks attorneys' fees in the amount of $32,674.51, representing her fees and the fees of other attorneys who represented her in the pending matter. Finally, Hansen seeks $10,066.86 in costs incurred in the pending matter. Hansen submits an unsigned and undated "Retainer Agreement" she and Chachoua allegedly executed, that Hansen claims entitles her to the fees she currently seeks. *See* Hansen's Mot. Ex. 2.

In response to Hansen's submission, Chachoua asserts that he and Hansen never formalized a written retainer agreement and that the Retainer Agreement submitted by Hansen is a "fake." Chachoua vigorously disputes the amount Hansen seeks, contending *inter alia* that her submitted billing invoices were fraudulently created after she decided to pursue this litigation against him, that she did not and could not possibly have billed the amount of hours set forth in the invoices, that much of the work she did perform in the California litigation was done incompetently, and that she is charging him for fees related to expert services almost a year after the California court ruled that Chachoua could not

2

offer expert testimony. According to Chachoua, the actual agreement he reached with Hansen regarding her representation in the California litigation provided that he would pay her $10,000 per month in legal fees and $10,000 per month for her costs. *See* Br. in Supp. of Resp. at 1; Ex. 1 ¶ 2.

The Court will first address the attorney's fees to which Hansen is entitled for her services in the California litigation. In order for Hansen to recover damages, which in this case is compensation for the services she rendered to Chachoua, Hansen must satisfy this Court, by a preponderance of the evidence, of the amount to which she is entitled. This Court finds, by a preponderance of the evidence, that Chachoua agreed to pay Hansen $20,000 per month for her services and costs during the California litigation– an amount that this Court does not find unreasonable during the pretrial phase of civil litigation in a case where the use of experts has been precluded by the Court.

As an initial matter, the Court is not convinced that Chachoua ever agreed to the Retainer Agreement Hansen has submitted to the Court. The Court finds it surprising that an agreement– particularly one between an attorney and his or her client– would not be signed or dated and that spaces to be completed within the document would be left blank. Further support for the Court's finding that Chachoua agreed to pay Hansen $20,000 per month for her services and costs in the California litigation are documents Hansen has filed in this case. Specifically, the "Retainer Agreement" Hansen drafted and Hansen's complaint reflect payments made or owed by Chachoua which are consistent with

3

Chachoua's version of the parties' retainer agreement.[2] The Court therefore concludes that Chachoua agreed to pay Hansen the sum of $160,000 for her services and costs in the California litigation from May 1999 through December 1999 (8 months x $20,000).

This leaves the Court to decide the amount Chachoua owes for any work Hansen performed in the California litigation in January 2000. Hansen has submitted records reflecting the she and her legal staff worked on the California litigation through January 29, 2000. In comparison, Chachoua submits the declaration of Hansen's legal assistant who states that, in fact, Hansen stopped working on the California litigation and instructed her staff to do the same in December 1999. *See* Chachoua's Resp. Ex. 4 ¶ 5. The Court is not convinced that either representation should be credited– particularly as it seriously questions the accuracy of some of the statements and the authenticity of some of the documents submitted by the parties during the six years that this case has been pending. The Court finds that the most equitable and reasonable approach is to award Hansen half of the fees and costs to which she would be entitled under Chachoua's version of the parties' retainer agreement for January 2000, or $10,000.

Based on the above, the Court concludes that Chachoua agreed to pay Hansen $170,000 for her services and costs in the California litigation from May 1999 through

---

[2]The Retainer Agreement indicates that Chachoua made the following payments to Hansen: $20,000 on May 10, 1999; $40,000 on June 1, 1999; and $30,000 on August 10, 1999. *See* Hansen's Mot. Ex. 2. In her complaint, Hansen alleges that Chachoua agreed to pay her "not less than a particular $40,000 payment" in November 1999. *See* Compl. ¶ 21.

January 2000. In order to assess Hansen's damages, however, the Court must determine what amount, if any, Chachoua paid Hansen.

The Court finds by a preponderance of the evidence– based on Chachoua's claims which are supported by Hansen's "Retainer Agreement" and her complaint– that Chachoua paid Hansen the following amounts: $20,000 on May 10, 1999; $40,000 on June 1, 1999; $30,000 on August 10, 1999; and $25,000 on December 8, 1999. *See* Hansen's Mot. Ex. 2; Compl. ¶ 22. The Court therefore finds that Chachoua has paid Hansen a total of $115,000. While Chachoua claims in his response that he also paid Hansen $20,000 in October 1999 and $32,00 in November 1999, he offers no proof of these payments. Thus the Court fails to find, by a preponderance of the evidence, that he made those payments.

The Court now will turn to Hansen's request for fees and costs relating to the pending action. Michigan and the Federal courts adhere to the "American rule" which provides that prevailing parties pay their own attorney's fees absent an exception set forth in a statute, court rule, or agreement by the parties. *Haliw v. City of Sterling Heights*, 471 Mich. 700, 707, 691 N.W.2d 753, 756 (2005); *Mencer v. Princeton Square Apartments*, 228 F.3d 631, 636 (6th Cir. 2000). Even if the Court accepts Hansen's representation that she and Chachoua entered into the submitted Retainer Agreement, nothing in that agreement entitles Hansen to the attorneys' fees she incurred in connection with the pending litigation. Hansen also fails to identify any statute or rule authorizing the recovery of those fees. The Court therefore concludes that Hansen is not entitled to an

award for any attorneys' fees arising from the pending matter.

Rule 54(d) of the Federal Rules of Civil Procedure provides, however, that ". . . costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." FED. R. CIV. P. 54(d). Hansen claims $10,066.86 in costs. *See* Hansen's Mot. Ex. 7. This amount is comprised of the following costs:

| | | |
|---|---|---|
| 1) | Federal Court Filing Fee................................ | $ 150.00 |
| 2) | Court Reporter for Lewis Deposition............. | $ 978.75 |
| 3) | Subpoena Fees for Lewis' Ameritech Records......................................... | $ 40.00 |
| 4) | Service on Ameritech..................................... | $ 30.00 |
| 5) | Subpoena-Witness Fee for Lewis.................. | $ 55.00 |
| 6) | Service on Lewis............................................ | $ 30.00 |
| 7) | Subpoena Fees for Lewis' Airtouch Records........................................... | $ 40.00 |
| 8) | Service on Airtouch ...................................... | $ 30.00 |
| 9) | Service of Process/Investigation- Chachoua- Inge Detective Agency................ | $2,846.78 |
| 10) | Service of Process/Investigation - Chachoua-Victorian Investigators................. | $ 848.26 |
| 11) | Subpoena Fees/Costs- Wells Fargo............... | $ 225.50 |
| 12) | Service of Process/Investigation - Ortega- Apex................................................ | $1,320.50 |
| 13) | Service/Investigation - Ortega- Mercury....... | $3,472.07 |

*See* Hansen's Mot. Ex. 7.

The Court concludes that the $1,320.50 and $3,472.07 in costs related to Hansen's service of the complaint on Ortega (Nos. 12 and 13) should not be charged to Chachoua. With respect to the $2,846.78 and $848.26 in fees related to Hansen's service of the complaint upon Chachoua while he was visiting Australia (Nos. 9 and 10, respectively), the Court finds such costs unnecessary and unreasonable. The taxation of costs statute,

6

28 U.S.C. § 1920, does not include as taxable costs the fees related to discovery subpoenas and the United States District Court for the Eastern District of Michigan's Bill of Costs Handbook ("Bill of Costs Handbook") specifically provides that such subpoenas are not taxable.  Thus the Court will not tax Hansen's subpoena and service costs related to Airtouch (Nos. 7 and 8), Ameritech (Nos. 3 and 4), or Wells Fargo (No. 11), totaling $365.50.

The taxation of costs statute, however, does permit the taxation of costs for fees of the clerk (e.g. the $250 filing fee in No. 1) and "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" (i.e. the $978.75 in No. 2 for transcribing William Lewis' deposition).  28 U.S.C. § 1920(1) and (2).  Hansen indicates that the transcript from Lewis' deposition was used in this case in support of pleadings she filed.  *See* Hansen's Mot. Ex. 7.  The Bill of Costs Handbook further indicates that the fees for deposition subpoenas of which the deposition transcript has been taxed as costs are taxable (Nos. 5 and 6).  Deducting the amounts set forth in the preceding paragraph, the costs taxable to Chachoua total $1,213.75.

In summary, the Court concludes that Hansen is entitled to damages on her claim against Chachoua in the amount of $55,000, representing unpaid attorney's fees from the California litigation.  She also is entitled to costs pursuant to Rule 54(d) in the amount of $1,213.75.  Thus Hansen is entitled to a Judgment against Chachoua in the amount of $56,213.75.

A Judgment consistent with this Opinion and Order shall issue forthwith.

DATE: February 5, 2007           s/PATRICK J. DUGGAN
                                 UNITED STATES DISTRICT JUDGE

Copies to:
Jean Marie Hansen, Esq.
Dr. Samir Chachoua
Ellen Bartman Jannette, Esq.
Thomas M. O'Leary, Esq.