UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN MARIE HANSEN, ATTORNEY,
P.C.

       Plaintiff/Counter-Defendant,

v.

DR. SAMIR CHACHOUA, and
ADELAIDA ORTEGA

       Defendants/Counter-Plaintiff.
_____/

Case No. 00-70615

Honorable Patrick J. Duggan

**<u>OPINION AND ORDER GRANTING DEFENDANT DR. SAMIR CHACHOUA'S MOTION FOR RECONSIDERATION OF THIS COURT'S FEBRUARY 5, 2007 OPINION AND ORDER</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 7, 2007.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This matter is presently before the Court on Defendant Samir Chachoua's motion for reconsideration of this Court's opinion and order dated February 5, 2007, in which the Court determined that Plaintiff Jean Marie Hansen ("Hansen") is entitled to a judgment against Defendant Chachoua ("Chachoua") in the amount of $56,213.75. Chachoua filed his motion for reconsideration on February 22, 2007. In his motion, Chachoua asserts that Hansen should not be entitled to $85,000 in costs for the California litigation in

1

which she previously represented him, as she claims lower actual costs in her billing statements.[1] Chachoua further asserts that in determining the amount of money he previously paid Hansen for attorney's fees and costs, the Court failed to consider Hansen's acknowledgment in her billing statements that she received payments from Chachoua in October and November 1999. Chachoua does not challenge the Court's determination in its February 5 opinion and order that Hansen is entitled to costs arising from the present litigation in the amount of $1,213.75.

On March 21, 2007, this Court issued a notice informing the parties that it will permit Hansen to submit a response to Chachoua's motion for reconsideration, if she desires to do so. Hansen filed a response on April 9, 2007, in which she primarily argues that Chachoua's motion should be denied because it was filed beyond the ten day limit for filing motions for reconsideration in Eastern District of Michigan Local Rule 7.1(g)(1). According to Hansen, the ten day period expired on February 19, 2007, three days before Chachoua filed his motion. Hansen argues that the three day extension under Federal Rule of Civil Procedure 6(e) does not apply to the time period in Local Rule 7.1(g)(1). Hansen otherwise does not respond to the specific errors raised in Chachoua's motion. On May 14, 2007, Chachoua filed a reply.

Chachoua filed his motion pursuant to Rule 7.1(g) *and* Rule 60(b) of the Federal

---

[1]Hansen's billing statements were attached as Exhibits 3 and 4 to her April 19, 2006 submission to the Court. (*See* Doc. 286.) The billing statements also are attached as Exhibits 3 and 4 to Chachoua's motion for reconsideration.

2

Rules of Civil Procedure. The motion most likely is untimely under Rule 7.1(g)(1), because the time to file such a motion begins to run "*upon entry of the order*" and the three-day extension period in Rule 6(e) only applies "[w]henever a party must or may act within a prescribed period *after service* . . .." E.D. Mich. LR 7.1(g)(1) (emphasis added); FED. R. CIV. P. 6(e) (emphasis added). Nevertheless, motions filed pursuant to Rule 60(b) are not subject to the same ten day limit. Because the Court believes that it made a mistake in its February 5, 2007 opinion and order, it finds Chachoua's motion to be a proper motion pursuant to Rule 60(b)(1). Such motions must be filed "within a reasonable time" and not more than a year after the order. FED. R. CIV. P. 60(b).

First, the Court overlooked Hansen's indication in her billing statements (*see* Doc. 286, Ex. 3 & Ex. 4) that her costs for representing Chachoua in the California litigation totaled $65,366.65– as opposed to the $85,000 assessed by the Court ($10,000 per month from 5/99-12/99 and $5,000 for 1/00). (2/5/07 Op. and Order at 3-4.) While the Court concluded in its February 5 opinion and order that Chachoua agreed to pay $10,000 per month in attorney's fees and $10,000 per month in costs for Hansen to represent him in the California litigation, the Court does not believe that Hansen should recoup more than the actual costs she "admittedly" incurred. Therefore, the Court will reduce the amount it previously concluded Hansen was entitled to by $19,633.00 ($85,000.00 - $65,367.00).[2]

---

[2]Chachoua also contends that Hansen should not be awarded the "administrative charges" included as costs in her billing statements, i.e., $24,605.00 on 12/22/99 and $2,774.00 on 1/29/00. In her billing statements, Hansen indicates that these expenses are "administrative charges per retainer agreement." (Doc. 286, Ex. 3 & Ex. 4.) Because the

3

Second, in concluding that Chachoua failed to demonstrate that he paid Hansen $20,000 in October 1999 and $32,000 in November 1999 (2/5/07 Op. and Order at 5), the Court overlooked the page of Hansen's billing statement where she itemized the payments she received from Chachoua. This list, in fact, reflects a $20,000 payment on October 12, 1999, a $20,000 payment on November 1, 1999, and a $12,000 payment on November 3, 1999. (Doc. 286, Ex. 3.) None of these payments were included in the Court's previous calculation of the total amount Chachaou paid Hansen (i.e. $115,000). Hansen "admittedly" received payments from Chachaou, in the amount of $163,590.00.[3]

Even assuming that Hansen's actual expenses totaled $65,366.00, then the total amount to which she would be entitled for attorney's fees and costs is $150,366.00 ($85,000 in attorney's fees + $65,366 in costs). Accepting Hansen's version of the payments she received from Chachoua, as reflected in her billing statements (Doc. 286, Ex. 3), she has received $163,590.00. The Court therefore concludes that Hansen is not entitled to any damages on her claim against Chachoua as unpaid attorney's fees and

---

Court has previously concluded that there was no valid and enforceable retainer agreement, it is doubtful that Hansen would be entitled to these expenses. However, because the Court is satisfied that Chachoua has fully paid Hansen for all attorney's fees and costs even assuming that this "administrative charge" is a recoverable expense, *see infra*, the Court finds it unnecessary to make any finding with respect to this expense.

[3]Hansen acknowledges receiving payments from Chachoua totaling $167,000.00, but she dispersed $3,410.00 to other attorneys. For the same reasons set forth in footnote 2, this discrepancy is of no significance.

costs from the California litigation.[4]

Accordingly, Defendant's motion for reconsideration of this Court's February 5, 2007 opinion and order is **GRANTED**.  The Court will issue an amended judgment consistent with this decision.

**SO ORDERED.**

DATE: June 7, 2007                                    s/PATRICK J. DUGGAN
                                                      UNITED STATES DISTRICT JUDGE

Copies to:
Dr. Samir Chachoua
Jean Marie Hansen, Esq.
Ellen Bartman Jannette, Esq.

---

[4]As previously indicated, in his motion for reconsideration, Chachoua does not challenge the Court's determination in its February 5, 2007 opinion and order that Hansen is entitled to costs arising from the present litigation in the amount of $1,213.75.  Because the Court now concludes that the monies Chachoua has paid Hansen for costs and attorney's fees in the California litigation exceeds the $1,213.75 in costs previously awarded, the Court believes that it would be inequitable to assess these costs.  The Court therefore vacates the portion of its Febraury 5, 2007 order that awarded these costs to Hansen.

5